1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Felix H. Kinlichee; et al.,                    No. CV11-8038-PCT-JAT

10                      Plaintiffs,                  **ORDER**

11   v.

12   United States of America,

13                      Defendant.

14          Pending before the Court is Defendant's Motion to Dismiss certain claims made

15   by Plaintiffs.  (Doc. 47).  Plaintiffs filed a Response (Doc. 52), and Defendant filed a

16   Reply (Doc. 56).   The Court rules on the Motion.

17   **I.     BACKGROUND**

18          From November 5, 2009 to November 8, 2009, Filbert Kinlichee ("Mr.

19   Kinlichee") went several times to the Emergency Department ("ED") at Chinle

20   Comprehensive Health Care Facility ("CCHCF").[1]  (Doc. 1 at 1, 3-5).  During each of the

21   ED visits, CCHCF medical providers evaluated and treated Mr. Kinlichee, and then

22   discharged him to his home.  (*Id.* at 4).  On November 8, 2009, Mr. Kinlichee developed

23   respiratory distress, was taken to the CCHCF ED for a third time that day, received

24   unsuccessful resuscitation measures, and died.  (*Id.* at 5).

25          Mr. Kinlichee is survived by five biological children. (Doc. 1 at 2-3).

26   _____

27          [1] CCHCF is located in Chinle, Arizona.  (Doc. 1 at 1).  CCHCF lies within the
     Navajo Nation and is operated by Defendant United States through the Indian Health
28   Services.  (*Id.* at 1, 2).

Additionally, in 1992, when Plaintiff Priscilla Davis ("Ms. Davis") was approximately age six, Mr. Kinlichee became Ms. Davis's stepfather because her natural mother, Sartreva Blacksheep, married Mr. Kinlichee. (*Id.*). In 2003, Mr. Kinlichee obtained guardianship of Ms. Davis after his marriage to Ms. Blacksheep ended. (*Id.*).

In May 2010, Scott E. Borg ("Mr. Borg"), Plaintiffs' attorney, prepared a Standard Form 95 "Claim for Damage, Injury, or Death" for each of Mr. Kinlichee's biological children, and for Ms. Davis (the "Forms"). (Doc. 45-1 at 1-30). Mr. Borg addressed and sent the Forms to the United States Department of Health & Human Services ("HHS"). (*Id.* at 3, 5, 8, 10, 13, 15, 18, 20, 23, 25, 28, 30). Mr. Borg signed each of the Forms, "Scott E. Borg for . . . ." (*Id.*). On one of the Forms, the word "Attorneys" was included next to Mr. Borg's law firm name. (*Id.* at 8). The "Amount of Claim" for "Wrongful Death" was listed on each Form as "$10,000,000.00." (*Id.*). The Forms described the medical care that Mr. Kinlichee received in the CCHCF ED, the events at the time of Mr. Kinlichee's death, and the allegation that negligent care led to his death. (*Id.* at 3-4, 8-9, 13-14, 18-19, 23-24, 28-29). On May 24, 2010, HHS stamped the Forms as "Received." (*Id.*).

From May through December of 2010, HHS sent three letters to Mr. Borg, as well as a fourth letter on March 7, 2011. (Doc. 45-1 at 32-33, 35-36, 39, 42-43). The first letter requested additional information from Mr. Borg, including a letter of representation. (*Id.* at 32-33). The next three letters reminded Mr. Borg to send HHS the requested information. (*Id.* at 35-36, 39, 42-43). Each of the four letters contained a warning that under 45 C.F.R. § 35.4(d), HHS could deem Mr. Borg's clients' claims abandoned if the requested information was not received within three months. (*Id.* at 32-33, 35-36, 39, 42-43). Each of the four letters was addressed to "Scott Borg, Esq.," and referred to "your clients' claims" in the first sentence. (*Id.* at 32, 35, 39, 42).

On March 14, 2011, approximately ten months after HHS marked the Forms as received, and before Mr. Borg had received a disposition from HHS on his clients' claims, Mr. Borg filed a wrongful death complaint (the "Complaint") in this Court on

1   behalf of Mr. Kinlichee's five biological children and Ms. Davis.  (Doc. 1).  Plaintiffs
2   alleged that negligence on the part of CCHCF employees resulted in Mr. Kinlichee's
3   death.  (*Id.* at 5-8).

4       On May 26, 2011, HHS sent Mr. Borg a fifth letter.  (Doc. 59 at 1).  HHS
5   addressed the letter to "Scott E. Borg, Esquire."  (*Id.*).  The letter stated that it was a
6   "notice of final determination on the claim," and informed Mr. Borg that because his
7   clients filed a lawsuit, their claims made to HHS were denied.  (*Id.*).

8       On June 22, 2012, the Family Court of the Navajo Nation in Chinle, Arizona
9   entered its "Order Validating Navajo Common Law Adoption."  (Doc. 52-1 at 1-10).
10  That Navajo Nation court order established Mr. Kinlichee as Ms. Davis's adoptive father.
11  (*Id.* at 10).  The order was posthumous (as to Mr. Kinlichee) and retroactive to 2003.
12  (*Id.*).

13      On June 11, 2012, Defendant filed the pending Motion to Dismiss Plaintiffs'
14  wrongful death claims.  (Doc. 47).  On June 28, 2012, Mr. Borg filed a Response on
15  behalf of Plaintiffs.  (Doc. 52).  On July 9, 2012, Defendant filed a Reply.  (Doc. 56).

16  **II.    DISCUSSION**

17      In its Motion to Dismiss, Defendant makes two arguments for why the Court
18  should dismiss Plaintiffs' claims.  (Doc. 47 at 2-3).  First, Defendant argues that all of
19  Plaintiffs' wrongful death claims should be dismissed for lack of subject matter
20  jurisdiction under Rule 12(b)(1).  (*Id.* at 2).  Second, Defendant argues that Ms. Davis's
21  wrongful death claim should be dismissed under Rule 12(b)(1) for lack of subject matter
22  jurisdiction because she lacks standing to be a plaintiff.  (*Id.* at 2-3).

23      Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal
24  court for lack of subject matter jurisdiction."  *Tosco Corp. v. Comtys. for a Better Env't*,
25  236 F.3d 495, 499 (9th Cir. 2001).  Allegations raised under Rule 12(b)(1) should be
26  addressed before other reasons for dismissal because if the complaint is dismissed for
27  lack of subject matter jurisdiction, other defenses raised become moot.  *See Wright and*
28  *Miller*, Federal Practice and Procedure:  Civil 2d § 1350, 209-10 (1990).

"The party asserting jurisdiction [i.e., Plaintiff] has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

An allegation of lack of subject matter jurisdiction may be raised at any time by the parties or the court.  Fed. R. Civ. P. 12(h)(3).  A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).

In resolving a "speaking motion" or "factual attack" under Rule 12(b)(1), the court is not limited to the allegations in the pleadings if the jurisdictional issue is separable from the merits of the case. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Instead, the court may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter jurisdiction of the court.  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Indeed, "the district court is [] free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Id.*  However, if the court resolves a Rule 12(b)(1) motion on declarations alone, without an evidentiary hearing, it must accept the complaint's factual allegations as true. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

### A.    Exhaustion of Administrative Remedies

Defendant argues that this Court lacks subject matter jurisdiction over all of Plaintiffs' claims because Plaintiffs failed to exhaust their administrative remedies with HHS before filing their wrongful death claims in Federal court. (Doc. 47 at 2.)

Generally, the United States is immune from suit unless it expressly consents to be sued. *See United States v. Dalm,* 494 U.S. 596, 608 (1990).  The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of this sovereign immunity and it must be strictly

construed. *McNeil v. United States*, 508 U.S. 106, 111 (1993). The FTCA,

> is the exclusive legal remedy for claims against the United States for damages based on . . . death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (2012). The purpose of the FTCA is for a government agency (potentially liable to an injured party) to evaluate and/or settle the injured party's claim at an early stage and before a lawsuit is filed in Federal court. 73 A.L.R. Fed. 338 (West 2012) (quoting 1966 U.S. Code Congressional and Administrative News 2516). This enables evaluation of the claim by the agency possessing the best information about the incident, eases court congestion, and prevents unnecessary litigation. *Id.*

The FTCA provides for this waiver of sovereign immunity and allows a tort claimant to sue the United States in Federal court *only after* the claimant exhausts his administrative remedies with the Federal agency that is responsible for the injury. *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (citations omitted); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974). The Congressional prerequisite that a claimant exhaust his administrative remedies before suing the United States is found in 28 U.S.C. § 2675(a). This statute provides,

> [a]n action ***shall not be instituted*** upon a claim against the United States for money damages for . . . death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented*** the claim to the appropriate Federal agency ***and*** his claim shall have been ***finally denied by the agency*** . . . . The ***failure of an agency to make final disposition of a claim within six months*** after it is filed shall, ***at the option of the claimant*** any time thereafter, ***be deemed a final denial*** of the claim . . .

28 U.S.C. § 2675(a) (2012) (emphasis added). The Supreme Court has said that § 2675(a) means that Congress intended to require complete exhaustion of other remedies before allowing an injured party to invoke the judicial process. *McNeil*, 508 U.S. at 112.

In § 2675(a), Congress prescribed two requirements for a claimant to exhaust his

administrative remedies.  28 U.S.C. § 2675(a).  First, the claimant must properly present his injury claim to the Federal agency whose employee's negligence caused the injury ("presentment").  *Id.*  Second, the claimant must receive from that Federal agency a final denial of his claim ("final denial").  *Id.* Therefore, a Federal court has subject matter jurisdiction over a tort claim against the United States only after the claimant fulfills the requirements of presentment and final denial.  *Id.*

This case is a tort claim against the United States because it involves wrongful death medical malpractice allegations against a hospital operated by HHS, a Federal agency.  (Doc. 1 at 1); § 2675(a).  Thus, under the FTCA, this Court has subject matter jurisdiction over Plaintiffs' claims only if they exhausted their administrative remedies before filing the Complaint in this Court. § 2675(a). Plaintiffs exhausted their administrative remedies only if they fulfilled the requirements of (1) presentment (to HHS), and (2) final denial (from HHS).  *Id.*  Therefore, this Court must dismiss the Complaint for lack of subject matter jurisdiction unless Plaintiffs properly presented their claims to, and received a final denial from, HHS.  Fed. R. Civ. P. 12(b)(1).

Accordingly, the Court considers whether Plaintiffs fulfilled the requirements of presentment and final denial.

### 1.    Presentment Requirement

Defendant argues that this Court should dismiss all of Plaintiffs claims for a failure to properly present their claims to HHS.  (Doc. 47 at 1-2, 10-13).  Defendant alleges that the claims were not properly presented because Mr. Borg did not provide HHS with the "evidence of [his] authority" to represent Plaintiffs that HHS requested. (*Id.* at 2, 10).   The parties disagree whether "evidence of authority" is an element necessary for proper presentment.  (Doc. 47 at 9-19; Doc. 52 at 2-14).  Thus, the Court must decide if "evidence of authority" is a necessary element.

### a.    Statutory Elements

A tort claimant must properly present his injury claim to the responsible Federal agency in order to exhaust his administrative remedies and become entitled to the

jurisdiction of a Federal court.  28 U.S.C. § 2675(a).  Congress has the power to create such a jurisdictional requirement.  U.S. Const. art 3, § 1.  Congress mandated only two elements necessary for proper presentment of a claim:  (1) notice (to the agency) and (2) a sum certain (as to damages). § 2675(a). Congress did not include "evidence of authority" as an element necessary for presentment.  *See Id.*  "Evidence of authority" is an additional element for presentment promulgated by the Department of Justice ("DOJ"), including the Attorney General.  *See infra*, 28 C.F.R. § 14.2(a) (2012).  The Constitution did not grant the DOJ, including the Attorney General, the same power to create a jurisdictional requirement that it granted to Congress.  *See* U.S. Const. art 3, § 1.

However, Defendant contends that *Congress gave* the Attorney General power to create a jurisdictional element for presentment.  (Doc. 47 at 11-12).  Defendant argues that Congress gave the Attorney General this power when Congress said that a Federal agency has authority to settle tort claims presented against it ***"in accordance with regulations prescribed by the Attorney General."***  28 U.S.C. § 2672 (2012) (emphasis added).  The presentment regulations prescribed by the Attorney General are found in 28 C.F.R. § 14.2(a):

> ***For purposes of*** . . . 28 U.S.C. 2401(b),[2] ***2672***, and ***2675***, a claim ***shall be deemed to have been presented*** when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed ***Standard Form 95*** . . . [and] money damages in a ***sum certain*** for . . . death alleged to have occurred by reason of the incident; and the ***title or legal capacity of the person signing***, and is accompanied by ***evidence of his authority*** to present a claim on behalf of the claimant . . .

28 C.F.R. § 14.2(a) (emphasis added).

Therefore, Defendant relies on a combination of Congressional and DOJ requirements to argue that more than notice and a sum certain—in particular, "evidence of authority"—is required for properly presenting a tort claim to a Federal agency. (Doc.

---

[2] A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues, or the action must begin within six months after that agency's final denial of the claim.  28 U.S.C. § 2401(b) (2012).

47 at 10-12).   Defendant combines 28 U.S.C. § 2675(a) (properly presenting a claim requires notice to the agency and a sum certain as to damages), 28 U.S.C. § 2672 (an agency has authority to settle claims against it "in accordance with regulations prescribed by the Attorney General"), and 28 C.F.R. § 14.2(a) (properly presenting a claim requires notice, a sum certain, title or legal capacity of the person signing, and "*evidence of* [signer's] *authority*" to represent the claimant).   Therefore, Defendant alleges that under this combination of Congressional and DOJ requirements, Plaintiffs' claims to HHS were inadequately presented because Mr. Borg did not provide the "evidence of authority" that HHS requested.  (Doc. 47 at 10).

Contrary to Defendant's combined use of § 2672, § 2675, and § 14.2(a), Plaintiffs argue that Congress did not delegate authority to the Attorney General to create jurisdictional hurdles under the FTCA.  (Doc. 52 at 8).  Plaintiffs contend that Mr. Borg properly presented their claims to HHS because only Congress can create a jurisdictional requirement, Congress requires only notice and a sum certain, and Mr. Borg provided notice and a sum certain to HHS.  (Doc. 52 at 2-3, 5); § 2675(a).  Therefore, Plaintiffs maintain that they exhausted their administrative remedies, and are entitled to this Court's jurisdiction over their claims.  *Id.*

Defendant argues that a 1987 DOJ revision to the Attorney General's regulations confirms that more than notice and a sum certain are required for presentment, exhaustion, and jurisdiction.  (Doc 47 at 11-14).  In 1987, the DOJ revised former 28 C.F.R. § 14.3(e) and converted it to § 14.2(a).  52 Fed. Reg. 7411 (Mar. 11, 1987).  The 1987 DOJ amendment added the words, "*[f]or purposes of* . . . 28 U.S.C. 2401(b), **2672**, and **2675**" to the first line of § 14.3(e), which then became § 14.2(a).  28 C.F.R. § 14.3(e) (1986); 28 C.F.R. § 14.2(a) (emphasis added).  Defendant says that by reference to § 2672 and § 2675(a), the DOJ amendment confirmed the intent for the additional requirements in § 14.2(a)—including "evidence of authority"—to be jurisdictional elements for presentment and administrative remedies exhaustion.  (Doc. 47 at 11-12).

The Court resolves the parties' dispute over the elements necessary for

presentment by looking to the Circuit Courts of Appeals.

### b.    Case Law

For decades, the Circuit Courts of Appeals have disagreed about the elements necessary for proper presentment and thus, exhaustion of administrative remedies and Federal court jurisdiction. *See generally Swift v. United States*, 614 F.2d 812 (1st Cir. 1980) *cf. Adams v. United States*, 615 F.2d 284 (5th Cir. 1980) *and Blair v. IRS*, 304 F.3d 861 (9th Cir. 2002) *cf. Mader v. United States*, 654 F.3d 794 (8th Cir. 2011). That history is important to the determination in this case.

Before 1987, the Circuit Courts of Appeals disagreed about whether the Attorney General's presentment requirements in then § 14.3(e) (now § 14.2(a)) are jurisdictional. *See Swift*, 614 F.2d at 814 *cf. Adams*, 615 F.2d at 287-88. In *Swift*, the First Circuit Court of Appeals held that when an attorney failed to provide an agency with additional information that the agency requested, the attorney interfered with the claim's review process, failed to exhaust his client's administrative remedies, and was properly denied Federal court jurisdiction. 614 F.2d at 814. Conversely, in *Adams*, the Fifth Circuit Court of Appeals held that failure to provide information required by the Attorney General in § 14.3(e)—e.g., "evidence of authority"—did not preclude Federal court jurisdiction because the Attorney General cannot promulgate a jurisdictional requirement.[3] 615 F.2d at 287-88.

In 1982, the Ninth Circuit Court of Appeals took a position in the split by directly addressing the conflict between *Swift* and *Adams*. *Avery v. United States*, 680 F.2d 608, 609-10 (9th Cir. 1982). In *Avery*, the Court of Appeals expressly adopted *Adams*, the majority view among the Circuit Courts of Appeals, that only the notice and a sum certain required by § 2675(a) are jurisdictional. *Id.* at 610. In *Avery*, two injured plaintiffs made administrative claims and then failed to provide the supporting

---

[3] The Fifth Circuit Court of Appeals held in *Adams* that only 28 U.S.C. § 2675(a) contained jurisdictional requirements, which included: (1) notice to the agency sufficient for investigation; and (2) a sum certain as to damages. *Id.* at 289 (citations omitted).

information that was requested by the agency (medical records, bills, etc.). *Id.* at 609-10. Both plaintiffs filed lawsuits without providing the information. *Id.* The lower courts dismissed the plaintiffs' cases for lack of jurisdiction due to a failure to exhaust administrative remedies. *Id.* In *Avery*, and relying upon the legislative history for § 2675(a)—which is unquestionably jurisdictional—the Ninth Circuit Court of Appeals chose the *Adams* interpretation that the Attorney General's additional requirements in § 14.3(e) (now § 14.2(a)) are not jurisdictional. *Id.*

However, before 1987, there was a split within the Ninth Circuit as well. In *Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776 (9th Cir. 1984) (en banc), the Ninth Circuit Court of Appeals resolved the disagreement between *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir. 1978) and *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir. 1982). *Warren*, 724 F.2d at 776.

The *House* court upheld dismissal of multiple complaints after a mine fire because claimants' representatives did not provide "evidence of authority." 573 F.2d at 609, 617. The court found that failure to provide "evidence of authority" precluded administrative remedies exhaustion and, thus, Federal court jurisdiction. *Id.* The court deemed "evidence of authority" to be a jurisdictional requirement. *Id.*

Conversely, the *Graves* court found that the holding in *House* was dicta only and that failure to provide "evidence of authority" precluded neither exhaustion nor jurisdiction. 692 F.2d at 74, 75. The *Graves* court also noted that the attorney in that case wrote "Attorney for . . ." on his client's claim. *Id.* at 74. The court said this was significant because an attorney's appearance on behalf of his client "raises a presumption that the attorney has the authority to act on that [client's] behalf." *Id.* (citations omitted).

The *Warren* case involved an attorney who submitted a claim form but did not provide extrinsic "evidence of authority." 724 F.2d at 777. The *Warren* court expressly overruled *House* and affirmed *Graves*. *Id.* The court reasoned that Congress modeled tort claims presentment after municipal law, which requires only minimal claim notice.

*Id.* Thus, the Ninth Circuit Court of Appeals held that in § 2675(a) Congress intended no more than minimal notice and a sum certain for claim presentment, administrative remedies exhaustion, and Federal court jurisdiction. *Id.* at 779-80 (citations omitted). A lengthy dissent followed the majority en banc opinion in *Warren*. *Id.* at 780-89. Defendant in this case relies upon that dissent. (Doc. 47 at 15).

Some of the Circuit Courts of Appeals agree with Defendant that the DOJ's 1987 change to § 14.3(e) made the additional elements in the new § 14.2(a)—including "evidence of authority"—jurisdictional requirements for presentment and exhaustion. *See e.g., Mader v. United States*, 654 F.3d 794 (8th Cir. 2011). Defendant points to the *Mader* opinion to support its view that the additional § 14.2(a) elements—including "evidence of authority"—are jurisdictional requirements for presentment. *Id.* at 804; (Doc. 47 at 13-14). Defendant uses *Mader* to support its view that "evidence of authority" is jurisdictional because § 2672 says that an agency has power to settle a § 2675(a) claim "in accordance with regulations prescribed by the Attorney General." (*Id.*); 654 F.3d at 84. *Mader* also contains a lengthy dissent, which is in line with the Ninth Circuit Court of Appeals majority opinion in *Warren*. *Id.* at 808-19.

Defendant argues that *Warren* is distinguishable from *Mader* because *Warren* was decided before the 1987 DOJ change to the Code of Federal Regulations and because significant cases that disagree with *Warren* were decided after 1987. (Doc. 47 at 11-13); *See e.g., Mader*, 654 F.3d 794. Defendant further relies on the Seventh Circuit Court of Appeals opinion in *Kanar v. United States*, 118 F.3d 527, 528, 529-30 (7th Cir. 1997) (holding that an administrative claim has four elements for presentment (notice, a sum certain, title/capacity of person signing, and "evidence of authority") rather than the two elements found in *Warren* (minimal notice and a sum certain)). (Doc. 47 at 11-12).

Without question, after 1987, the Circuit Courts of Appeals remain in disagreement as to whether the Attorney General's requirements in § 14.2(a) are jurisdictional. *See e.g.*, *Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002) *cf. Mader v. United States*, 654 F.3d 794 (8th Cir. 2011). Defendant asks the Court to compare *Vacek*

1 | *v. United States Postal Service*, 447 F.3d 1248 (9th Cir. 2006) with *Warren* in an attempt
2 | to show that after 1987, there continues to be disagreement within the Ninth Circuit over
3 | whether the § 14.2(a) elements (e.g., "evidence of authority") are jurisdictional.  (Doc. 47
4 | at 12); *Warren*, 724 F.2d 776.

5 | Unlike this case, *Vacek* addressed whether the mailbox rule applies to FTCA claim
6 | presentment, i.e. whether notice sent, but not received, was adequately presented.  447
7 | F.3d at 1251.  *Vacek* did not address whether the additional § 14.2(a) elements were
8 | necessary for presentment.  *Id.*  Defendant's use of *Vacek* is not persuasive in this case.
9 | Additionally, of note, is the fact that *Vacek* states,

> We have repeatedly held that the exhaustion requirement is jurisdictional in
> nature and must be interpreted strictly: This is particularly so since the
> [FTCA] waives sovereign immunity. Any such waiver must be strictly
> construed in favor of the United States.  ***Section 2675(a) establishes
> explicit prerequisites to the filing of suit against the Government in
> district court.*** It admits of no exceptions. ***Given the clarity of the statutory
> language, we cannot enlarge that consent to be sued which the
> Government, through Congress, has undertaken so carefully to limit***.

*Vacek*, 447 F.3d at 1251 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.
1992)) (emphasis added).

The problem with Defendant's reliance on the minority Circuits and the *Warren*
dissent, is that even after 1987, the Ninth Circuit Court of Appeals has continued to
affirm the holding in *Warren*.  *See e.g., Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002)
(confirming *Warren* and holding that per § 2675(a) only notice and a sum certain are
jurisdictional elements of presentment, and that the additional elements found in § 14.2(a)
are instructional only); *and Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir.
2002) (relying upon *Warren* and *Avery* and holding that only notice and a sum certain are
jurisdictional elements for presentment). Likewise, the Arizona District Courts have
continually followed *Warren* and *Avery* after 1987.  *See e.g., Salt River Pima-Maricopa
Indian Cmty. v. United States*, 266 F.R.D. 375 (D. Ariz. 2010); *White v. United States*,
2012 U.S. Dist. LEXIS 92822, 25-27 (D. Ariz.  2012).

Defendant argues that the lower courts within the Ninth Circuit have struggled to apply the § 14.2(a) requirements as being non-jurisdictional, and says that therefore, the *Warren* court's reasoning is irreconcilable with the practical effect of its decision. (Doc. 47 at 14-15). This is not persuasive for two reasons. First, the cases that Defendant cited in this regard occurred before *Warren* was decided. (*Id.*). Second, in one of the cases Defendant cited, *Triplett v. United States*, 501 F. Supp. 118 (D. Nev. 1980), the court relied upon *House*, which *Warren* expressly overruled. (*Id.*); *Warren*, 724 F.2d at 780.

This wrongful death case lies in the Ninth Circuit. (Doc. 1). The Ninth Circuit Court of Appeals has made clear, both before and after 1987, its position that only the elements for presentment in § 2675(a) (notice and a sum certain) are jurisdictional and that the additional elements in § 14.2(a) (e.g., "evidence of authority") are instructional only. *See Warren*, 724 F.2d 776; *Avery*, 680 F.2d 608; *Graves*, 692 F.2d 71; *Blair*, 304 F.3d 861; *and Goodman*, 298 F.3d 1048.

Mr. Borg met the § 2675(a) elements of notice and a sum certain because he completed the Standard Forms 95 for notice, included information sufficient for HHS to investigate, and furnished on each Form a sum certain of $10,000,000 as to damages. (Doc. 52 at 3-4, 8-9, 13-14, 18-19, 23-24, 28-29). Thus, Plaintiffs' claims presentment to HHS was consistent with the jurisdictional elements for presentment recognized by the Ninth Circuit Court of Appeals.

Additionally, even if the Court of Appeals considered "evidence of authority" jurisdictional, Mr. Borg provided such evidence for two reasons. First, like *Graves*, Mr. Borg appeared on behalf of his clients in several ways. 692 F.2d at 74 (citations omitted). Mr. Borg provided an address on the claim Forms, which contained the name of his law firm. (Doc. 45 at 3, 8, 13, 18, 23, 28). Also, much like *Graves*, Mr. Borg wrote "attorneys" next to the name of his law firm on one of the Standard Forms 95 and he signed each Form, "Scott E. Borg for . . . ." (*Id.*); 692 F.2d at 74. Second, HHS acknowledged Mr. Borg's authority to represent the Plaintiffs. HHS acknowledged Mr. Borg's authority when it addressed several letters to "Scott E. Borg, Esq.," included Mr.

Borg's law firm name in the address, and referenced "your clients" in the body of the correspondence.  (Doc. 45-1 at 32, 35, 39, 42; Doc. 59).  Thus, Mr. Borg provided extrinsic "evidence of his authority" to represent the Plaintiffs.

For these reasons, the Court finds that Mr. Borg satisfied the elements for presentment required by § 2675(a) and thus, exhausted Plaintiffs' administrative remedies.  Therefore, the Court has subject matter jurisdiction and denies Defendant's Motion to Dismiss under Rule 12(b)(1).

### 2.        Final Denial Requirement

In addition to presentment, in § 2675(a), Congress also required final denial. § 2675(a).  That is, a claimant must properly present his claim to the responsible Federal agency *and* receive a final denial of that claim in order to exhaust his administrative remedies and receive Federal court jurisdiction over the claim.  *Id.*  Defendant did not allege that Plaintiffs failed to obtain a final denial of the claim.  (Doc. 47).  However, because § 2675(a) makes final denial a jurisdictional requirement, the Court briefly raises it *sua sponte*.

A claimant *may* opt to consider a claim denied if the federal agency to which the claim was presented does not provide a final disposition in writing *within six months* after presentment.  § 2675(a).  Also, an agency *may* deem an administrative claim abandoned, and "thereupon disallowed," if within three months after requesting additional information from a claimant, the information is not provided.  § 35.4(d).  In several letters, HHS provided Mr. Borg with this § 35.4(d) warning.  (Doc. 45-1 at 33, 35, 39, 43).  Yet, there is no evidence that HHS ever disallowed Plaintiffs' claims for a failure to provide additional information.  Thus, the Court finds that HHS did not deem the claims abandoned.

Additionally, although Plaintiffs did not receive a final denial from HHS before filing the Complaint, Plaintiffs waited more than six months (and in fact, waited approximately ten months) after presentment before filing the Complaint.  (Doc. 45-1 at 3, 8, 13, 18, 23, 28; Doc. 1).  Although Plaintiffs did not send the additional information

requested by HHS during that ten month wait, the jurisdictional requirements of § 2675(a) were met. Therefore, six months after providing the notice and a sum certain required by § 2675(a), Plaintiffs were entitled to deem their claims denied. § 2675(a). That the jurisdictional requirements were met is additionally supported by the fifth letter that HHS sent to Mr. Borg after the Complaint was filed. (Doc. 59). The letter acknowledged that because the Complaint was filed, the claim was denied. (*Id.*).

The Court finds that because Plaintiffs waited more than six months after presentment and before filing the Complaint in this Court, Plaintiffs satisfied the final denial requirement of § 2675(a). Consequently, Plaintiffs have met both the presentment and the final denial requirements of § 2675(a) and have exhausted their administrative remedies before filing the Complaint. The Court denies Defendant United States' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

### B.   Priscilla Davis's Standing to be a Plaintiff

Defendant makes a second and alternative argument that this Court lacks jurisdiction over Ms. Davis's claims because she does not have standing to be a party. (Doc. 47 at 2-3). Defendant alleges that Ms. Davis does not have standing because she was neither the biological nor the legally adopted daughter of Mr. Kinlichee. (*Id.* at 1, 19). Defendant states that the Native American common law adoption order obtained by Ms. Davis in Navajo Family Court fails to provide her with a legal adoption for purposes of standing in a wrongful death action in Federal court. (Doc. 56 at 9-11). Thus, Defendant asks the Court to dismiss Ms. Davis's claims for lack of subject matter jurisdiction because she does not have standing to be a plaintiff. (*Id.*).

Standing is an "irreducible constitutional minimum" for bringing a case into court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing pertains to a Federal court's subject matter jurisdiction under Article III of the U.S. Constitution, and it is properly raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

It is undisputed that Ms. Davis is a Navajo and that Mr. Kinlichee was as well.

(Doc. 52-1 at 1-2).  It is undisputed that the alleged negligence in this case occurred within the Navajo Nation.  (Doc. 1 at 1-2).  It is undisputed that Ms. Davis obtained an order in the Family Court of the Navajo Nation validating her Navajo common law adoption by Mr. Kinlichee.  (Doc. 52-1 at 1-10).  Although the adoption was posthumous as to Mr. Kinlichee and retroactive to 2003, the Navajo court granted the adoption.  *See* (Doc. 52-1 at 1, 10).

Additionally, the Ninth Circuit Court of Appeals has held that a state must give full faith and credit to adoption decrees issued by the tribal court of a Native American sovereign.  *Venetie I.R.A. Council v. Alaska*, 944 F.2d 548, 562 (9th Cir. 1991).  There is no issue known to the Court, or raised here, suggesting that the Navajo Nation lacks the status of a Native American sovereign, and its tribal court granted Ms. Davis an adoption order.  If Ms. Davis had been legally adopted by Mr. Kinlichee in another state, and then became a tort plaintiff in the District of Arizona, that adoption likely would not be questioned, or legally analyzed for its merits, before Ms. Davis would be granted standing.  Accordingly, this Court must recognize the order of the Navajo court validating Mr. Kinlichee's adoption of Ms. Davis.

Therefore, as to Ms. Davis, the Court denies Defendant's Motion to Dismiss for lack of standing.

**III.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 47) is denied.

Dated this 11th day of March, 2013.

James A. Teilborg
Senior United States District Judge